UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMEKA OGBONNA,<br><br>  Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC, and MARRIOTT OWNERSHIP RESORTS INC.,<br><br>  Defendants. | Civil Action No. 1:21-cv-01769 (PAE)<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

**WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action bearing the civil action number 1:21-cv-01769 (the "Action"):

1.  Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

3.  Any party to whom Confidential Information is produced or disclosed may object

1

to the designation of information as Confidential Information. The objection shall be made in writing to counsel for the designating party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the objection, the objecting party shall promptly move the Court to resolve the objection. All materials whose designation is so objected to shall continue to be treated as Confidential Information unless and until the Court rules to the contrary.

4. Confidential Information may be disclosed only to "Qualified Persons" as defined below and used only in connection with the Action and for no other purpose. All Qualified Persons receiving Confidential Information shall be bound by the terms hereof and shall use such Confidential Information only in connection with the prosecution and defense of the Action and for no other purpose whatsoever.

5. The term "Qualified Persons" means:

   a. the Courts in the Action or any other court having jurisdiction over discovery procedures in the Action, including court personnel, jurors and alternate jurors;

   b. the Parties to the Action and those officers, directors, partners, employees, and managing agents of a party who are involved in the conduct of the Action on behalf of that party;

   c. counsel to the Parties (including attorneys' support personnel) to the Action;

   d. stenographic reporters engaged in such proceedings as are incident to the preparation for trial or trial of the Action or any appeals thereof;

   e. deponents and fact witnesses;

   f. any independent experts or consultants used, retained or sought to be retained by counsel of record in the Action; and

   g. persons engaged solely in photocopying of documents for use in the Action.

6.  With the exception of the any judges, court personnel, jurors, and alternative jurors, the Parties shall in good faith request that all Qualified Persons who have received Confidential Information pursuant hereto shall safeguard such information so as to avoid its disclosure to persons who are not Qualified Persons.

7.  Prior to disclosing or displaying the Confidential Information to a Qualified Person, excluding stenographic reporters, counsel must:

   a.  Inform the Qualified Person of the confidential nature of the information or documents;

   b.  Inform the Qualified Person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c.  Require each such Qualified Person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

8.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or

3

segregation of privileged and/or protected information before production.

10. When any submission containing Confidential Information is filed with the Court, the Parties must redact the Confidential Information.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. All Confidential Information and all copies thereof shall be returned to counsel or destroyed within thirty (30) days after final disposition of the Action, including appeals. If Confidential Information is destroyed under the terms of this Paragraph, the receiving party shall so confirm to the producing party in writing. If any Confidential Information is furnished under the terms of this Stipulation and Order to any expert or to any other person, the attorneys for the party retaining such expert or furnishing such Confidential Information shall make all reasonable efforts to ensure that all Confidential Information is returned to counsel for the producing party.

13. Nothing set forth herein prohibits the use at trial or any hearing of any Confidential Information or affects the admissibility of any evidence. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

14. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

16. This Stipulation and Order may be executed in several counterparts, each of which shall be deemed an original and together shall constitute one and the same instrument.

| MARRIOTT OWNERSHIP RESORTS INC. | EMEKA OGBONNA |
|---|---|
| /s/Marcella M. Jayne<br>Marcella M. Jayne<br>mjayne@foley.com<br>Foley & Larder LLP<br>90 Park Ave.<br>New York, New York, 10016<br>Telephone: (212) 682-7474<br>Facsimile: (212) 687-2329 | Ross H. Schmierer, Esq.<br>ross@kazlg.com<br>KAZEROUNI LAW GROUP, A.P.C<br>800 Third Avenue. Suite 2800<br>New York, New York 10022<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 |

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
9/29/2021